NO. 8285

COURT OF APPEAL

PARISH OF ORLEANS

8286

----

R. F. GRACE PRINTING & MANUFACTURING COMPANY

VERSUS

JACKSON BREWING COMPANY.

------

-------

Court of Appeal

PARISH OF ORLEANS

FILED June 14-22

H. Stansbury

Dinkelspiel; J.

Plaintiff institutes this suit against the defendant, alleging that on or about the 1st day of January, 1920, it sold to the agent and representative of defendant Company, 6132 triangular shape ten-ply card-board bottle holders, at an agreed price of $33.33 1/3 per thousand, total of sale amounting to $204.50, and the goods sold were to be supplied and furnished per sample furnished by plaintiff to the defendant company. That in due course of time the said order was filled and the goods in number as bargained for were delivered to defendant company by plaintiff and repeated demand having been made for payment, which was refused, hence this suit.

Defendant answering denies that the goods delivered was as per sample furnished them by plaintiff, and but on the contrary it avers that the goods delivered were of a lighter and inferior card-board than the sample and would not answer the purpose for which they were designed and intended.

The testimony in this case, of William D. Grace, who testified that he is in the printing and box manufacturing business in this city, and Secretary and Treasurer of the plaintiff company; further that he gave a sample to Mr. Fabacher with marks on it with pen and ink; ten ply board; received it and delivered the goods.

Q. You supplied the goods to him?

A. Yes, sir; ten ply board, same as sample I gave him.

On cross examination he identified the board offered in evidence.

Q. Do you recognize this card marked defendant 1?

A. Yes, that is the board I gave him; that is the sample I gave him.

Q. Do you recognize this triangular board which I had you, marked defendant 2?

A. Yes sir, this is the job that we completed for him.

Q. That is one of the cards you furnished?

A. That is the sample and the cards furnished the large size.

The two cards in question 1 and 2 together with the other six cards of similar character were offered in evidence in this case by the defendant.

The next witness for plaintiff was    U. W. Graessle.

Q. What is your occupation?

A. I am the manager of Diem & Wing Paper Company.

Q. You are not connected as a partner or owner with Mr. Grace's establishment?

A. No sir.

Q. How long have you been in the paper business?

A. All my life; twenty years possibly.

Q. What are your duties in connection with the company with whom you work?

A. I have the overseeing of their business in general, buying and selling and everything else.

Q. Are you familiar with different grades of paper and cardboard?

A. To the extent that I am able to hold my present position, yes sir.

Q. And does that necessitate your knowing the different grades of cardboard?

A. Yes sir.

Q. Are you familiar with the rules governing different grades of paper and how to test them?

Objection was made as to the    revelancy; the objection was overruled and the answer to the question was "yes sir".

Q. Do you know what ten-ply card board is?

A. Yes sir.

Q. How is the ply of card board determined?

A. By points, for instance thirty six points would be a ten ply board.

Q. And how do you arrive at the number of points in the board?

A. By guages of different  kinds.

Q. Is there any standard guage used by the paper business?

A. Not that I know of, we use several different guages in our business.

Q. Have you any instrument in Court for testing or determining the grade of card board?

A. I might test it with this (indicating)?

Q. What is that?

A. This is a micrometer.

Q. Is that used as a standard for testing card board?

A. Yes sir.

Q. Are you familiar with the use of a micrometer?

A. Yes sir.

Q. I hand you the two pieces of card board which have been introduced in evidence and ask you to determine by that micrometer the ply of that card board?

Objections because it had not been shown that the micrometer was the standard guage. Objections overruled.

Q. Test the two pieces of card board handed you?

A. (the witness makes a test with the micrometer and says) This board here, marked defendant two is equally as thick as the sample marked defendant 1.

Q. What ply are both of those boards?

A. They are ten ply board.

On cross examination.

Q. Would you say as an expert in the paper and card board business that a delivery of card board such as defendant two which is the triangular board was up to a contract under which a card such as defendant one was to be delivered?

A. Yes sir.

Q. Is the board defendant two as good quality as the board defendant 1?

A. In my opinion it is.

Q. Why is it that board defendant two the triangular board is not as stiff as the one marked defendant one?

A. Well one reason is that you may take a board;-the paper has grain the same as wood so you may take a piece of paper and fold it with the grain and it will fold easily, fold it opposite the grain and it will fold hard, you can take a piece out like this and if the grain runs this way it will fold easily and will seem to be weak, if you fold it opposite the grain it will appear

563

to be a stiff piece of paper; it is a question of the way you fold it and how the grain runs; now really to tell just how it would test by the "feel" that is so far as strength is concerned would be to put a piece like this like defendant one—

This witness being asked to make several tests of Number 1 and number 2 does so and the question is then propounded to him:
Q. Is it not a fact that defendant 1    tests only thirty seven and the other thirty nine or nearly forty?
A. No, that would prove that defendant two is a heavier paper than

Witness being asked the name of the instrument with which he tested the small one and the other six exhibits answers that the instrument is a micrometer.
Q. Now is it not a fact with regard to ten ply board that there are many qualities of better
A. Yes sir.
Q. Then one/ten ply board would not necessarily be as good as another ten ply board would it?

On reexamination:
Q. Are the boards marked D. 1 and D. 2 of the same quality?
A. Yes pratioally, in my opinion it is the same quality.


With the exception of marking and offering in evidence, the card boards annexed to the petition, both plaintiff and defendant rested their case.

Webster's International Dictionery defines the word "micrometer" as follows:

A caliper or guage with a micrometer screw for measuring dimensions with great accuracy.

And other stated authorities appear substantially to give the same definition.

Under this standard and having reviewed the testimony in full of the expert in this case, who was in no manner financially or otherwise connected with    plaintiff company, who used the machine in question in order to ascertain the ply of the card board, all in the presence of the Judge below., we are bound to believe    from this testimony that the goods furnished to

564 -

defendant were of the same character as ordered by them and were delivered as such.

Irrespective and independent of this fact, we have the District Judge, who saw the witnesses and who heard all the testimony in this case, and saw the machine and how it was used, and he rendered judgment in favor of plaintiff and as there seems to be no manifest error in his opinion, his judgment must be affirmed.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, costs of both courts to be paid by the defendant.

-judgment affirmed-